IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ANN KEITH | § | |
| Plaintiff, | § § § | |
| VS. | § § | NO. 3-07-CV-0040-L |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, ET AL. | § § § | |
| Defendants. | § § | |

**MEMORANDUM ORDER**

Plaintiff Rose Ann Keith has filed a motion to compel the production of documents in this civil action removed to federal court on the basis of diversity jurisdiction and ERISA preemption. At issue is a request for production served on Defendant Hartford Life and Accident Insurance Company ("Hartford") seeking, *inter alia*, documents pertaining to a purported Employee Welfare Benefit Plan ("EWBP") covering employees of U.S. Foodservice. Plaintiff contends that she needs these documents in order to determine whether the purported EWBP is, in fact, a group insurance program subject to ERISA. Defendant objects to this discovery on numerous grounds, including that the document requests are beyond the scope of discovery allowed in an ERISA action. The parties have briefed their respective positions in a Joint Status Report filed on April 11, 2007, and the motion is ripe for determination.

Discovery in an ERISA case is generally restricted to consideration of the administrative record. *See Vega v. National Life Ins. Services, Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc). However, plaintiff disputes that ERISA applies to this action. The threshold issue of ERISA preemption has been raised by defendant in a Rule 12(b)(6) motion to dismiss, which is currently

pending before the presiding district judge. In her response to that motion, plaintiff argues that the purported EWBP may be exempt from ERISA under the "safe harbor" provisions of 29 C.F.R. § 2510.3-1(j).[1] Two of the document requests served on defendant implicate the third prong of the "safe harbor" regulation--the extent of U.S. Foodservice's involvement in the purported EWBP:

> Request No. 8:
> Produce true and accurate copies of all documents you contend support the proposition U.S. Foodservice engaged in activity beyond the scope of permitting Defendant to publicize the alleged EWBP in which Rose Ann Keith participated to its employees.

> Request No. 9:
> Produce true and accurate copies of all documents you contend support the proposition U.S. Foodservice engaged in activity beyond the scope of collecting premiums through payroll deductions or dues for remittance to Defendant for the alleged EWBP in which Rose Ann Keith participated.

Defendant contends that it has fully responded to these discovery requests by producing: (1) an authenticated copy of the group insurance policy; (2) a copy of plaintiff's claim file; (3) an IRS Form 550 filed by U.S. Foodservice; and (4) the affidavits of Karen Wassman, Senior National Account Manager for Hartford, and Cindy Perkins, a manager in the U.S. Foodservice Benefits Department.[2] While these documents are certainly responsive to the document requests, it is not clear that defendant has produced *all* documents in its possession, custody or under its control which show that

---

[1] The Department of Labor has promulgated regulations exempting certain group or group-type insurance programs from ERISA. *See* 29 C.F.R. § 2510.3-1(j) (1999). Under these "safe harbor" regulations, an insurance policy is not subject to ERISA if: (1) no contributions are made by the employer; (2) participation in the program is completely voluntary for employees; (3) the employer's role is limited to permitting the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs, and to remit them to the insurer; and (4) the employer receives no consideration in the form of cash or otherwise in connection with the program. *Id.; see also Davis v. Reliance Standard Life Ins. Co.*, No. 3-03-CV-2535-BD, 2004 WL 1619958 at *3 (N.D.Tex. Jul. 19, 2004) (Kaplan, J.). A plan must meet all four criteria to be exempt. *See id.* In this case, only the third prong of the regulation is in dispute. (*See* Jt. Stat. Rep. at 10, ¶ 1).

[2] The Perkins affidavits states, *inter alia*, that "U.S. Foodservice collects LTD contributions from participating employees and remits the contributions to the insurer." (Plf. App. to Jt. Stat. Rep., Exh. B at 2, ¶ 5).

U.S. Foodservice engaged in activity beyond the scope of permitting Hartford to publicize the EWBP to employees or collecting premiums through payroll deductions or dues. Such discovery is relevant to determining the extent of U.S. Foodservice's involvement in the purported EWBP and whether that involvement rises to the level of an "endorsement" of the plan. *See Hansen v. Continental Ins. Co.*, 940 F.2d 971, 977 (5th Cir. 1991); *see also Thompson v. American Home Assurance Co.*, 95 F.3d 429, 436-37 (6th Cir. 1996); *Johnson v. Watts Regulator Co.*, 63 F.3d 1129, 1135-36 (1st Cir. 1995). To the extent defendant has withheld any documents responsive to Request Nos. 8 & 9, those documents must be produced. If defendant has produced all responsive documents, it must amend its response to affirmatively state that no other documents exist.

For these reasons, plaintiff's first motion to compel the production of documents [Doc. #17] is granted in part and denied in part. The motion is granted with respect to Request Nos. 8 & 9. Defendant shall either (1) produce all documents responsive to those requests, or (2) amend its response to affirmatively state that no other responsive documents exist, by **April 25, 2007.** In all other respects, the motion is denied.

SO ORDERED.

DATED: April 18, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE